Hawkins, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Circuit Court of Franklin County, at its July Term, 1860, for an assault with intent to kill and murder. At the *217 November Term of. the Court, the Attorney General, with the assent of the Court, dismissed the indictment so far as it charged the defendant with committing an assault with intent to murder; and the defendant submitted to the mercy of the Court, as to the charge of an assault, and was fined thirty-five dollars and adjudged to pay the costs of the prosecution; to which action of the Court the defendant excepted, and has presented an appeal to this "Court. We are unable to discover any substantial distinction between this case and the case of Britain vs. The State, 7th Hump., 159. That case, like this, was an indictment for an assult with intent to commit murder in the first degree. In that case, the Attorney General, with the assent of the Court, entered a nolle prosequi as to the felony, and thereupon the defendant submitted to the Court, and was fined, from which judgment he appealed. In this case, the Attorney General, with the assent of the Court, dismissed the indictment so far as it charged the defendant with committing an assault with intent to murder, and thereupon the defendant submitted to the mercy of the Court, as to the charge of an assault, and was fined.
In one case, the Attorney General entered a nolle prosequi as to the felony, and in the other he dismissed the indictment so far as it charged the defendant with an assault with intent to murder, and this is the only difference between the two cases. In this case, the Court held that the effect of the nolle prose-qui discharged the defendant altogether from the accusation, and we think the reasoning of the Court in *218 that case applies with more force to tbe case now under consideration than it did to that case. In that case, the nolle prosequi was only as to the felony, while in this case “the indictment, so far as it charged the defendant with committing an assault with intent to murder, was dismissed” — the indictment charged nothing further. Therefore, by the very terms of the dismissal, the indictment, so far as it charged the defendant with an offense, was dismissed. But it is argued all this was done under an arrangement between the Attorney General and the defendant. Were that so, as doubtless was the case, it could make no difference. In the case before referred to, the Court said: “the submission was doubtless made with the distinct understanding of the offense he intended to confess; nevertheless, as there was no subsisting indictment against him, the Court could not lawfully give judgment that-he be fined and imprisoned.”
In that case, the Judge delivering the opinion of the Court, said: “It would be competent, perhaps, for the Attorney General, with the assent of the Court, to strike out the words that charge malice and felony, leav inSifonl such as would charge the inferior offense;” and it is insisted that is all that was intended to be done in this case. We express no opinion as to the correctness of that position; hut if it be true that the words charging the felony may be stricken out, and the accused held to answer for such offense .as the remaining words in the indictment might charge, and the offense for which he had never been indicted, and such was the intention in this case, and the dismissal *219 could be considered as equivalent to tbe fact of striking out — then it will be seen that no words are left imputing any offense whatever.
The judgment of the Circuit Court was, therefore, erroneous, and will be reversed.
The defendant will be'discharged; and the State of Tennessee will pay the costs of the prosecution.